J-A10011-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.0.P. 65.37
COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee
Vv.

DAVID H. VENABLE, SR.

Appellant : No. 2192 EDA 2017

Appeal from the Judgment of Sentence June 2, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003394-2016

BEFORE: GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM*, J.
MEMORANDUM BY GANTMAN, P.J.: FILED JUNE 20, 2018

Appellant, David H. Venable, Sr., appeals from the judgment of sentence
entered in the Northampton County Court of Common Pleas, following his
bench trial conviction for one count each of driving under the influence of
alcohol or a controlled substance (“DUI”) (general impairment and high rate
of alcohol) and careless driving.t We affirm.

In its opinion, the trial court fully and correctly set forth the relevant
facts and procedural history of this case. Therefore, we have no reason to
restate them. We add only that the court convicted Appellant on May 12,
2017, of all charges and sentenced him on June 2, 2017, to three (3) days to
six (6) months’ incarceration plus fines. Appellant timely filed a notice of

appeal on June 26, 2017. The court ordered Appellant on June 29, 2017, to

175 Pa.C.S.A. §§ 3802(a)(1), (c); 3714(a).

* Retired Senior Judge assigned to the Superior Court.
J-A10011-18

file a concise statement of errors complained of on appeal per Pa.R.A.P.
1925(b), and Appellant timely complied on July 19, 2017.
Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED IN REFUSING TO
SUPPRESS THE RESULTS OF A BLOOD DRAW WHERE
APPELLANT WAS READ THE DL-26B WARNINGS WHICH DO
NOT ADDRESS ENHANCED CRIMINAL PENALTIES AND
UNDER THE TOTALITY OF THE CIRCUMSTANCE[S]
APPELLANT DID NOT KNOWINGLY AND VOLUNTARILY GIVE
HIS CONSENT TO THE BLOOD DRAW?

WHETHER THE TRIAL COURT ERRED IN FINDING THE
ARRESTING OFFICER HAD PROBABLE CAUSE OR
REASONABLE SUSPICION TO PERFORM A VALID TRAFFIC
STOP?

(Appellant’s Brief at 5).
Our standard of review of the denial of a motion to suppress evidence
is as follows:

[An appellate court’s] standard of review in addressing a
challenge to the denial of a suppression motion is limited to
determining whether the suppression court’s factual
findings are supported by the record and whether the legal
conclusions drawn from those facts are correct. Because
the Commonwealth prevailed before the suppression court,
we may consider only the evidence of the Commonwealth
and so much of the evidence for the defense as remains
uncontradicted when read in the context of the record as a
whole. Where the suppression court’s factual findings are
supported by the record, [the appellate court is] bound by
[those] findings and may reverse only if the court’s legal
conclusions are erroneous. Where...the appeal of the
determination of the suppression court turns on allegations
of legal error, the suppression court’s legal conclusions are
not binding on [the] appellate court, whose duty it is to
determine if the suppression court properly applied the law
to the facts. Thus, the conclusions of law of the [trial court
are] subject to plenary review.

-2-
J-A10011-18

Commonwealth v. Hoppert, 39 A.3d 358, 361-62 (Pa.Super. 2012), appeal
denied, 618 Pa. 684, 57 A.3d 68 (2012).

After a thorough review of the record, the briefs of the parties, the
applicable law, and the well-reasoned opinion of the Honorable Michael J.
Koury, Jr., we conclude Appellant’s issues merit no relief. The trial court
opinion comprehensively discusses and properly disposes of the questions
presented. (See Trial Court Opinion, filed April 25, 2017, at 7-17) (finding:
(1) at DUI processing center, Officer Molnar read Appellant DL-26B form that
contained no reference to enhanced criminal penalties for failure to consent
to blood draw; Appellant testified he believed he had no choice but to consent
and recalled being told he would be subject to higher penalties if he did not
consent; Appellant admitted his knowledge of DUI law stemmed from his prior
DUI in 2004 and conversations with acquaintance; court considered
Appellant’s testimony incredible and concluded these events unlikely
influenced decision to consent; further, Appellant wavered in his testimony at
suppression hearing regarding his specific knowledge of potential penalties;
although Appellant was unclear as to specific penalties associated with refusal
to consent, Appellant did not clarify his understanding with DUI processing
officer prior to blood draw; Appellant’s argument, that citizens are presumed
to know law and by extension Appellant is presumed to know Pennsylvania
statute imposes enhanced criminal penalties on motorists who refuse to

consent to blood draw, fails; if court presumes Appellant knows law, court

-3-
J-A10011-18

must presume Appellant knew that Birchfield? decision called into question
Pennsylvania’s implied consent statute and provision authorizing enhanced
criminal penalties for motorists who refuse to consent to blood draw; under
totality of circumstances, Appellant voluntarily consented to blood draw;
review of video recording from Northampton County DUI Processing Center
revealed no police excesses or threats; Officer Molnar calmly read Appellant
DL-26B warning; at conclusion of warning, Officer Molnar asked Appellant to
consent to blood draw, and Appellant consented; Appellant actively
participated in and testified at suppression hearing in English and was capable
of understanding DL-26B warning as it was read to him; (2) Officer Fischer
testified he observed Appellant exceed speed limit and fail to signal right-hand
turn; Officer Fischer could “barely keep up” with Appellant; Officer Fischer had
probable cause to conduct traffic stop).? Accordingly, we affirm based on the
trial court’s opinion.

Judgment of sentence affirmed.

2 Birchfield v. North Dakota, ___ U.S. __, 136 S.Ct. 2160, 195 L.Ed.2d
560 (2016).

3 See also Commonwealth v. Johnson, ____ A.3d ____, 2018 PA Super 133
(filed May 21, 2018) (holding defendant’s knowledge of law from previous
arrest was irrelevant; threat of civil penalties and evidentiary consequences
in DL-26 revised warning is permissible; form that did not threaten criminal
sanctions for refusal to consent to blood draw accurately reflected post-
Birchfield \aw; police had no duty to provide defendant with update on law
or criminal procedure prior to requesting blood-draw).

-4-
J-A10011-18

Judgment Entered.

Joseph D. Seletyn, Es
Prothonotary

Date: 6/20/18